UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITTANY BANCROFT and ARIEL SHARONE**, on behalf of themselves and All others similarly situated | CIVIL ACTION NO. 2:21-CV-545 |
| | JUDGE: ASHE |
| | MAGISTRATE: VAN MEERVELD |
| v. | |
| **217 BOURBON, LLC and JESSE WADE YEOMANS**, | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS 217 BOURBON, LLC AND JESSE WADE YEOMANS

**NOW INTO COURT,** through undersigned counsel, come Defendants 217 Bourbon, LLC and Jesse Wade Yeomans, and submit their Affirmative Defenses and Answer to Plaintiffs' First Supplemental and Amended Petition, and aver as follows:

### AFFIRMATIVE DEFENSES

**I.**

This Court has no jurisdiction over plaintiff's claims.

**II.**

Plaintiffs have failed to state any cause of action against Defendants.

**III.**

Defendants allege that plaintiffs failed to mitigate their damages, if any, and their right to recovery is therefore limited or precluded.

**IV.**

1

Defendants plead want of amicable demand.

V.

While employed by 217 Bourbon LLC, plaintiffs were never engaged in interstate commerce or the production of goods for commerce.

VI.

At all relevant times, Defendants did not engage in or conduct trade or commerce outside of the State of Louisiana or between multiple states.

VII.

Defendants are not an "enterprise" engaged in commerce or in the production of goods for commerce.

VIII.

Plaintiffs did not handle, sell, or otherwise work on goods that have been moved in or produced for commerce.

IX.

Defendant Yeomans did not personally employ either of plaintiffs.

X.

Plaintiff's employment activities were not so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be a part of it. Rather, their employment activities solely constituted isolated local activity.

**XI.**

Plaintiffs were at all times paid well in excess of the minimum wage, and were at all times paid well in excess of required overtime pay for any overtime hours actually worked.

**XII.**

Plaintiffs were notified in advance, and repeatedly throughout their employment that a tip credit would be applied to fulfill wage requirements.

**XIII.**

Defendants do not employ any "managers" who do not also participate in the serving of drinks and beverages.

**XIV**

No wages earned by plaintiffs were ever withheld from them.

**XV.**

No unlawful deductions were ever made by Defendants from any wages earned by plaintiffs.

**XVI.**

Neither plaintiff was ever terminated from their employment with Defendants.

**XVII.**

Plaintiff Sharone actually voluntarily resigned his employment in the middle of a shift.

**XVIII.**

No adverse employment actions were ever taken by defendants against either plaintiff.

**XIX.**

Defendants respectfully reserve the right to amend their Answer and/or to file a counterclaim, cross claim, third party claim or other pleadings as may be appropriate.

### XX.

Defendants reserve the right to additional affirmative defenses should they be determined through the course of discovery.

### XXI.

Defendants are entitled to and desire a trial by jury on all issues so triable.

## ANSWER

AND NOW, paragraph by paragraph, Defendants respond to Plaintiff's First Supplemental and Amending Complaint and aver as follows:

### 1.

The allegations set forth in Paragraphs 1 and 2 of Plaintiffs First Supplemental and Amended Complaint require no response from Respondents; however, to the extent a response is required, the allegations are denied for lack of specific information to justify a belief therein.

### 2.

The allegations set forth in Paragraphs 3 of Plaintiffs First Supplemental and Amended Complaint are denied.

### 3.

The allegations set forth in Paragraphs 4 of Plaintiffs First Supplemental and Amended Complaint are admitted only in the extent this Court finds it does have jurisdiction over Plaintiff's claims.

4.

The allegations set forth in Paragraphs 5, 6, and 7 of Plaintiffs First Supplemental and Amended Complaint are admitted.

5.

The allegations set forth in Paragraphs 8 through 25 of Plaintiffs First Supplemental and Amended Complaint are denied as written.

6.

The allegations set forth in Paragraphs 26 and 27 of Plaintiffs First Supplemental and Amended Complaint require no response from Defendants as it states a legal conclusion; however, to the extent a response is required, the allegations are denied for lack of specific information to justify a belief therein.

7.

The allegations set forth in Paragraphs 27 through 29 of Plaintiffs First Supplemental and Amended Complaint are admitted.

8.

The allegations set forth in Paragraphs 30 and 31 of Plaintiffs First Supplemental and Amended Complaint are denied as written.

**9.**

The allegations set forth in Paragraph 32 of Plaintiffs First Supplemental and Amended Complaint are admitted.

**10.**

The allegations set forth in Paragraphs 33 through 51 of Plaintiffs First Supplemental and Amended Complaint are denied.

**11.**

The allegations set forth in Paragraph 52 of Plaintiffs First Supplemental and Amended Complaint require no response from Defendants as it states a legal conclusion; however, to the extent a response is required, the allegations are denied for lack of specific information to justify a belief therein.

**12.**

The allegations set forth in Paragraphs 53 through 73 of Plaintiffs First Supplemental and Amended Complaint are denied.

**13.**

The allegations set forth in Paragraph 74 of Plaintiffs First Supplemental and Amended Complaint require no response from Defendants as it states a legal conclusion; however, to the extent a response is required, the allegations are denied for lack of specific information to justify a belief therein.

**14.**

The allegations set forth in Paragraphs 75 through 80 of Plaintiffs First Supplemental and Amended Complaint require no response from Defendants as it states a legal conclusion; however, to the extent a response is required, the allegations are denied for lack of specific information to justify a belief therein.

**15.**

The allegations set forth in Paragraph 81 of Plaintiffs First Supplemental and Amended Complaint require no response from Defendants as it states a legal conclusion; however, to the extent a response is required, the allegations are denied for lack of specific information to justify a belief therein.

**16.**

The allegations set forth in Paragraphs 82 through 106 of Plaintiffs First Supplemental and Amended Complaint require no response from Defendants as it states a legal conclusion; however, to the extent a response is required, the allegations are denied for lack of specific information to justify a belief therein.

**17.**

Any allegations in any unnumbered or misnumbered paragraphs are denied for lack of sufficient information to justify a belief therein.

**18.**

Respondents requests a trial by jury.

**WHEREFORE,** Respondents, **217 BOURBON, LLC AND JESSE WADE YEOMANS**

pray that their Answer be deemed good and sufficient, that it be filed in accordance with law, that they receive a trial by jury, and that after due proceedings are had, there be judgment rendered herein in their favor and against plaintiffs, dismissing plaintiff' claims, with prejudice, at plaintiffs' cost, including expert fees, and for any and all other general and equitable relief to which they may be deemed entitled.

STERNBERG, NACCARI & WHITE, LLC

*[signature]*

_____
**JUSTIN E. ALSTERBERG-T.A.,** La. Bar No. 31015
**GRAHAM WILLIAMS,** La. Bar No. 36731
935 Gravier Street, Suite 2020
New Orleans, Louisiana 70112
Telephone: 504.324.2141
Facsimile:   504.534.8961
ja@snw.law | carl@snw.law | graham@snw.law

*Counsel for 217 Bourbon, LLC and Jesse Wade Yeomans*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served on all parties or their counsel of record by through the court's CM/ECF system on the 25th day of June, 2021.

*[signature]*

_____
**STERNBERG, NACCARI & WHITE, LLC**