UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITTANY BANCROFT and ARIEL SHARONE**, on behalf of themselves and All others similarly situated | CIVIL ACTION NO. 2:21-CV-545 |
| | JUDGE: ASHE |
| | MAGISTRATE: VAN MEERVELD |
| v. | |
| **217 BOURBON, LLC and JESSE WADE YEOMANS,** | |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANTS RULE 12(B)1 & 12(B)(6) MOTIONS TO DISMISS</u>**

**NOW INTO COURT,** through undersigned counsel, come Defendants 217 Bourbon, LLC and Jesse Wade Yeomans, and submit their Memorandum is support of Rule 12(b)(1) and 12(b)(6) Motions to Dismiss all of plaintiff's claims as set forth in their First Supplemental and Amended Petition, and aver as follows:

<u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

For purposes of the instant Motions, nearly all of the relevant facts are not in dispute. Plaintiffs, on behalf of themselves and those similarly situated, are "bartenders at The Drinkery bar in New Orleans."[1] In their original Complaint, Plaintiffs alleged that The Drinkery is a bar which "prepares and serves alcoholic beverages to local and tourist clientele."[2] Plaintiffs further allege that as employees of The Drinkery, their duties and responsibilities included "taking customer drink orders, preparing and serving alcoholic beverages, cleaning and stocking the bar,

---

[1] *See* Plaintiffs' original Complaint, paragraph 13.
[2] *Id.,* at paragraph 8.

1

and working private events."[3]  These facts remain in Plaintiffs' First Supplemental and Amended Complaint, and Defendants do not dispute these facts.

Plaintiffs' original Complaint included the conclusory allegation that the employees of The Drinkery "engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."[4] Otherwise, the original Complaint was devoid of any further facts supporting this allegation.

After Defendants filed their first Motion to Dismiss Plaintiff's Complaint (Rec. Doc. No. 6), Plaintiffs filed their First Supplemental and Amended Complaint (rec. doc. No. 8) on July 3, 2021.  After doing so, this Court entered an order on June 7th, 2021 denying Defendant's motion to Dismiss in light of same, and allowing Defendants the opportunity to re-file a Motion to Dismiss considering the new allegations.

All of Plaintiffs' new allegations attempt to set forth a factual basis that the Plaintiffs engaged in interstate commerce in their role as bartenders at the Drinkery.  The specific allegations that allegedly provide this basis are as follows:

- The Drinkery serves drinks to tourists and out-of state clientele.[5]
- The Drinkery employees, including plaintiffs, handle, combine, and sell alcoholic drinks and food that include ingredients and/or that are produced and move through several states.[6]

---

[3] *Id.,* at paragraphs 23 & 26.
[4] *Id.,* at paragraph 9.
[5] *See Rec. Doc. No. 8, Plaintiff's First Supplemental and Amended Complaint,* paragraphs 8 & 14.
[6] *Id.,* at paragraphs 10 & 11.

- Most transactions are processed via credit card, which transactions involve banks located in other states and/or countries.[7]

- Drinkery employees, including plaintiffs, are required to advertise The Drinkery via social media posts, which reach audiences outside the State of Louisiana, and often look up recipes with their smartphones by accessing non-Louisiana websites.[8]

- The Drinkery books live music acts which to perform, some of whom originate outside the State of Louisiana.[9]

The Drinkery is a bar located on Bourbon Street that sources almost all of the ingredients for the food and beverages it serves from local companies and distributors.[10] It has one location.[11] All of the food and alcoholic beverages it serves are prepared and served on site.[12] As a local bar with a single location, even with the added allegations, The Drinkery and its employees clearly do not engage in interstate commerce. Thus, for the reasons set forth below, Defendants submit that contrary to Plaintiffs' allegations, at no time did plaintiffs or any other similarly situated employee engage in interstate commerce such that they have any cognizable claims under the FLSA, and thus their Complaint should be dismissed.

## LAW AND ARGUMENT

1. **Standard of Review**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint

---

[7] *Id.,* at paragraph 12.
[8] *Id.,* at paragraphs 13 & 14.
[9] *Id.,* at paragraph 15.
[10] *See* defendant's Exhibit 1, Declaration of Jesse Wade Yeomans.
[11] *Id.*
[12] *Id.*

alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977) (per curiam). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed.R.Civ.P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States

Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also, Grisham v. United States,* 103 F.3d 24, 25–26 (5th Cir.1997).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir.1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities Inc.,* 94 F.3d 189, 194 (5th Cir.1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Hitt,* 561 F.2d at 608. In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir.1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.1994).

2. **FLSA Coverage for individual employees**

For the FLSA to apply, the employee must show either the employer (1) has "employees who in any workweek are engaged in commerce or in the production of goods for commerce" (individual coverage), or (2) has employees "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage). *See* 29 U.S.C. § 206(a)(1)(C).

5

Enterprises engaged in commerce include businesses that "conduct trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." § 203(b). The application of the FLSA depends on the character of employees' activities, rather than the nature of the employer's business. *Overstreet v. North Shore Corp.*, 318 U.S. 125 (1943); *see also Wirtz v. Wohl Shoe Co.*, 382 F.2d 848 (5th Cir. 1967); *Grimes v. Castleberry*, 381 F.2d 758, (5th Cir. 1967). To determine whether an employee was "engaged in commerce," the court considers whether the employees are actually in or so closely related to movement of commerce as to be a part of it. *McLeod v. Threlkeld*, 319 U.S. 491 (1943). However, unless the employer is engaged in commerce, the employees are not engaged in commerce under the FLSA. *Lewis v. Florida Power & Light Co.*, 154 F.2d 751 (5th Cir. 1946); *see also Wilson v. Reconstruction Finance Corp.*, 158 F.2d 564 (5th Cir. 1947).

For individual coverage, the Fifth Circuit Court applies a "practical test" to determine if the employee's work "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Medical Center Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007). The Supreme Court has also explained that the test is whether "the employee's activities ... are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld,* 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943). It is settled that Congress did not regulate to the full extent of its power under the Commerce Clause when it enacted the FLSA. See *Wirtz v. Wohl Shoe Company,* 382 F.2d 848, 850 (5th Cir.1967) ("it is now settled that in enacting the FLSA Congress did not exercise the full scope of its authority to regulate the working conditions of employees whose activities merely affect commerce"). It is therefore not sufficient,

for purposes of the "engaged in commerce" clause of the individual coverage provision, that an employee's work merely "affects" interstate commerce in some way. *Id.*

3. **This Court does not have subject matter jurisdiction and/or plaintiffs have failed to state a claim as neither employee has stated facts which provide either with entitlement to relief**

Plaintiff's Complaint fails to provide any facts which would show that they would be entitled to relief under the FLSA, and thus, as cited above, under either Defendant's Rule 12(b)(1) or 12(b)(6) Motions Defendants are entitled to dismissal of this suit.  It is undisputed that plaintiffs worked as bartenders for The Drinkery.  The allegations set forth in their First Supplemental and Amended Complaint do not provide that plaintiffs engaged in any other employment activity.  Nor do their allegations demonstrate that the nature of The Drinkery's business – a bar serving drinks and limited food items on Bourbon Street, engages in interstate commerce for purposes of the FLSA.  As the jurisprudence cited by Defendants below makes clear, if this Court were to accept Plaintiffs' allegations, in this day and age almost every business which has gross sales exceeding $500,000.00 would be subject to the FLSA, which is a broader application than Congress has ever intended.

In *Taylor v. HD and Associates, LLC,* Judge Lemelle found that plaintiffs were not covered under the FLSA. The Defendant, HDA, had a contract with Cox Communications to provide technicians for the "installation troubleshooting and repair of television, telephone, and internet services provided by Cox." *Id.*.  Despite the fact that plaintiffs argued that the FLSA applied because Cox is incorporated in another State, because the employees installed products which were manufactured elsewhere, and because the employees accepted credit card transactions, Judge Lemelle ruled the FLSA did not apply as a matter of law:

> "The instant case is more analogous to *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008), and *Joseph v. Nichell's Caribbean*

> *Cuisine, Inc.*, 862 F. Supp. 2d 1309 (S.D. Fla. 2012). In *Navarro*, the employee's in-state purchase and installation of out-of-state automobile parts were not actual movements of goods in interstate commerce, and therefore, the employee was not entitled to overtime compensation under the FLSA. 533 F. Supp. 2d 1223. The court held the parts stopped flowing in interstate commerce when they were delivered and stored by the local dealers, and not when the employee installed the parts on customer automobiles. *Id.* In *Joseph*, the court held that a waitress was not "engaged in commerce" even though the employee processed credit and debit card transactions, served food prepared from ingredients that crossed state lines, and served beverages produced out of state. 862 F. Supp. 2d 1309. The court found that credit cards for goods purchased locally did not qualify as engaging in interstate commerce, and *origin of products* are irrelevant to employee's engagement in interstate commerce. *Id.*
>
> HDA contracting with Cox alone is not sufficient to conclude it engaged in interstate commerce. Further, plaintiffs' work was purely intrastate. It consisted of picking up equipment from HDA's Louisiana warehouse, after which they delivered, installed, and serviced customers in Louisiana only. Accordingly, for the reasons stated above, the Court finds that HDA technicians did not engage in commerce as defined under the FLSA and grant defendants' motion for summary judgment.

*Taylor v. HD & Associates, LLC*, CV 19-10635, 2020 WL 7075348, at *7 (E.D. La. Dec. 3, 2020)

Thus, even though the HDA employees delivered and installed products which were manufactured elsewhere, Judge Lemelle found that those employees did not engage in interstate commerce. A bartender serving drinks whose ingredients were originally produced out of state is no different. Further, Judge Lemelle's citation to *Joseph* is poignant in this regard, as *Joseph* is nearly directly on point with the facts alleged by plaintiffs in this matter. In *Joseph,* plaintiffs were a waitress and cashier for a local Jamaican restaurant. Nearly identical facts were asserted by the Plaintiffs in *Joseph* as have been added by Plaintiffs herein in their First Supplemental and Amended Complaint, yet the Court held that the FLSA did not apply to plaintiff's as a matter of law because they were not engaged in interstate commerce as part of their work duties:

> The following facts related to Plaintiff's claim of individual coverage are undisputed for purposes of this summary judgment motion: (a) Plaintiff processed credit and debit card purchase transactions; (b) Plaintiff served food prepared with

ingredients that had crossed state lines; (c) Plaintiff served beverages that had been produced out-of-state; (d) Plaintiff served customers who had come to Defendant's restaurant from out of the state of Florida. *See* [DE 5–2].

Based upon these undisputed facts, the Court finds, as a matter of law, that Plaintiff was not individually engaged in interstate commerce. Usage of credit cards is insufficient for purposes of establishing FLSA individual coverage. *See Thorne,* 448 F.3d at 1266–67 (rejecting argument that regular usage of credit cards sufficient for establishing FLSA individual coverage)[1]; *Marckenson v. LAL Peker, LLC,* 2011 WL 5023422, *4 (S.D.Fla. Oct. 19, 2011) (processing credit cards for goods purchased locally does not constitute engaging in interstate commerce); *see also Kitchings v. Fla. United Methodist Children's Home, Inc.,* 393 F.Supp.2d 1282, 1293 n. 26 (M.D.Fla.2005) (holding that plaintiff's use of a credit card to purchase local goods did not constitute "engagement in commerce"); *Dent v. Giaimo,* 606 F.Supp.2d 1357, 1361 (S.D.Fla.2009) ("This Court also holds that plaintiff's use of ... credit cards is insufficient to establish jurisdiction. To be considered 'engaged in interstate commerce' a business must use a credit card specifically to transact business in interstate commerce.").

Next, handling goods, in this case food or beverages, that have previously traveled in interstate commerce does not constitute engaging in interstate commerce. *See Thorne,* 448 F.3d at 1267 (holding that "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act") (citing *McLeod v. Threlkeld,* 319 U.S. 491, 493, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943)); *Navarro v. Broney Automotive Repairs, Inc.,* 314 Fed.Appx. 179, 180 (11th Cir.2008) ("The automotive parts were removed from the flow of interstate commerce when they arrived at the auto parts stores."). *See also Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1316 (11th Cir.2011) ("While the point of origin of these vehicles may be relevant under a theory of enterprise coverage, *their origin is irrelevant to the issue of individual coverage*—namely, whether [plaintiff] himself directly participated in the actual movement of persons or things in interstate commerce.") (emphasis added).

In this case, the fact that the food (or ingredients) and beverages to be served to customers may have passed in interstate commerce prior to arriving at the restaurant does not invoke individual coverage under the FLSA. *See, e.g., Lopez v. Top Chef Inv., Inc.,* 2007 WL 4247646, *2 (S.D.Fla. Nov. 30, 2007) ("Plaintiff alleges that he was individually engaged in commerce because he cooked food that had passed in interstate commerce ... However, it appears that the restaurant prepared food to be served in the local restaurant; Plaintiff does not allege that the food later returned to interstate commerce. The mere fact that the food may have passed in interstate commerce prior to arriving at the restaurant does not mean that the Plaintiff was engaged in commerce for individual coverage."); *Martinez v. Palace,* 414 Fed.Appx. 243 (11th Cir.2011) (affirming ruling that restaurant cook was not

> engaged in commerce for purposes of individual coverage under the FLSA even if he *1314 handled food products and tools that had traveled in commerce).
>
> Finally, whether the customers Plaintiff served at Defendant's restaurant were local or from out-of-state is immaterial to establishing individual FLSA coverage. *See Jacobs v. Dolanlil, Inc.,* 2010 WL 1730807, *4 (M.D.Fla. April 12, 2010) ("By washing cars from out-of-state, Plaintiff is not participating in the actual movement of persons or things in interstate commerce."); *Dent,* 606 F.Supp.2d at 1361 (applying "ultimate-consumer doctrine," held that it was immaterial to plaintiffs individual coverage claim that approximately 70% of the defendant's patients were not Florida residents).
> Based upon the foregoing, the Court concludes that FLSA individual coverage does not apply to Plaintiff.

*Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F.Supp.2d 1309, 1312–14 (S.D. Fla.2012), *as amended* (July 17, 2012).

As such, even though Plaintiffs amended their Complaint, all they did was add additional facts similar to those set forth in *Joseph,* and thus they still cannot meet their burden of demonstrating that they are entitled to relief under the FLSA. The Plaintiffs in *Joseph* relied on nearly identical factual arguments, which the Court in *Joseph* found unavailing.

As bartenders at a single bar on Bourbon Street, Plaintiffs do not engage in interstate commerce.  The same is true as to The Drinkery itself – it is not a business engaged in interstate commerce.  The actual business, and the activities of its employees demonstrate that The Drinkery and its employees are the last stop in the chain of commerce.  Everything they do and produce is served and consumed within the State of Louisiana (and easily 95% within the confines of the French Quarter).

Considering that the FLSA claims are the only federal claims plaintiffs have asserted, their Complaint must therefore be dismissed pursuant to Rule 12(b0(1) as this Court cannot exercise supplemental jurisdiction over state law claims where there is no underlying federal law claim. Similarly, even taking the facts as alleged in plaintiffs' favor, plaintiffs have also failed to state a

claim under the FLSA for purposes of Rule 12(b)(6). As such, Defendants are entitled to dismissal of this suit.

## CONCLUSION

**WHEREFORE,** Defendants 217 Bourbon, LLC and Jesse Wade Yeomans, respectfully request this Honorable Court grant their Rule 12(b)(1) and 12(b)(6) Motions to Dismiss all of plaintiff's claims.

**STERNBERG, NACCARI & WHITE, LLC**

_____
**JUSTIN E. ALSTERBERG-T.A.,** La. Bar No. 31015
**GRAHAM WILLIAMS,** La. Bar No. 36731
935 Gravier Street, Suite 2020
New Orleans, Louisiana 70112
Telephone: 504.324.2141
Facsimile:   504.534.8961
ja@snw.law | carl@snw.law | graham@snw.law

*Counsel for 217 Bourbon, LLC and Jesse Wade Yeomans*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served on all parties or their counsel of record by through the court's CM/ECF system on the 30th day of June, 2021.

_____
**STERNBERG, NACCARI & WHITE, LLC**