UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRITTANY BANCROFT, *et. al.*　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　　NO. 21-545

217 BOURBON, LLC, *et. al.*　　　　　　　　　　　SECTION M (1)

## ORDER & REASONS

Before the Court is the motion of defendants 217 Bourbon, LLC ("Bourbon") and Jesse Yeomans (together, "Defendants) to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction, or alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  Plaintiffs Brittany Bancroft and Ariel Sharone (together, "Plaintiffs") respond in opposition.[2]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

**I.　BACKGROUND**

This case arises from a Fair Labor Standards Act ("FLSA") claim.  Plaintiffs work as bartenders at the Drinkery, Defendants' bar and restaurant on Bourbon Street.[3]  Plaintiffs allege that Defendants (1) failed to pay minimum wage and overtime pay in violation of the FLSA; (2) misappropriated tips in violation of Louisiana law; and (3) fired Plaintiffs in retaliation for questioning their wages.[4]  In their original complaint Plaintiffs state that within the scope of their employment at the Drinkery, they "engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved

---

[1] R. Doc. 13.
[2] R. Doc. 15.
[3] *Id.* at 2.
[4] R. Doc. 8 at 12-17.

in or produced for commerce by any person."[5]  Thereafter, in response to a previous motion to dismiss, Plaintiffs amended their complaint to include specific instances of their involvement in interstate commerce, including serving non-Louisiana residents, handling beer and liquor produced outside Louisiana, and engaging with instrumentalities of commerce such as credit card machines and advertising online.[6]  They also allege that the Drinkery sells food items prepared by employees on cookware that was not manufactured in Louisiana.[7]

## II.   PENDING MOTION

Defendants argue that this Court lacks subject-matter jurisdiction under the FLSA because Plaintiffs have not shown that either the Drinkery or Plaintiffs themselves are engaged in interstate commerce.[8]  Specifically, they argue that Plaintiffs do not have "individual coverage" under the FLSA.[9]  Likewise, Defendants contend that the Drinkery is a single-location entity, where all food and drink is prepared on site, so it cannot engage in interstate commerce because "[t]he actual business, and the activities of its employees demonstrate that the Drinkery and its employees are the last stop in the chain of commerce."[10]  Alternatively, if the Court finds that there is jurisdiction, Defendants argue that Plaintiffs' complaint should be dismissed for failure to state a claim.[11]

In opposition, Plaintiffs argue that "FLSA coverage is an element of plaintiffs' claims, not a jurisdictional prerequisite."[12]  They assert that Defendants' motion does not analyze the question of FLSA "enterprise coverage."[13]  Plaintiffs contend that the Drinkery is an enterprise covered by the statute because it has sales over $500,000 per year and its employees regularly handle goods

---

[5] R. Doc. 1 at 3.
[6] R. Doc. 15 at 2.
[7] R. Doc. 8 at 4.
[8] R. Doc. 13-1 at 3.
[9] *Id.* at 10.
[10] *Id.*
[11] R. Doc. 13 at 1.
[12] R. Doc. 15.
[13] *Id.* at 4.

or materials that moved in interstate commerce, including alcohol produced outside of Louisiana.[14] Finally, Plaintiffs argue that regardless of FLSA coverage, their retaliation claims survive because "coverage … is not an element of [such a] claim under 29 U.S.C. [§] 215(a)(3)."[15]

### III.   LAW & ANALYSIS

#### A.   Rule 12(b)(1) Standard

Rule 12(b)(1) permits a party to challenge a court's subject-matter jurisdiction. "[A] claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate' the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quoting *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012)). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Id.* "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 235 (5th Cir. 2018) (citing *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).

#### B.   Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

---

[14] *Id.* at 8-10.
[15] *Id.* at 13.

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*.  The court "can choose to begin by identifying

4

pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).  Motions to dismiss are disfavored and rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  A court may also take judicial notice of certain matters, including public records and government websites.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).  Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### C. Analysis

At the outset, the Court holds that Defendants' Rule 12(b)(6) motion on this FLSA claim is procedurally improper. *See*, *e.g.*, *Lopez-Santiago v. Coconut Thai Grill*, 2014 WL 840052, at *3 (N.D. Tex. Mar. 4, 2014) (denying Rule 12(b)(1) motion on FLSA claim as "procedurally improper"). The Fifth Circuit has held that "29 U.S.C. § 203(s)(1)(A) [which sets out the elements of "enterprise coverage" under the FLSA] is nonjurisdictional." *Biziko v. Van Horne*, 981 F.3d 418, 421 (5th Cir. 2020). "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). Under *Arbaugh*, "the court must treat enterprise coverage as an element of plaintiffs' claim rather than a jurisdictional prerequisite." *Lopez-Santiago*, 2014 WL 840052, at *3. Here, Defendants base their Rule 12(b)(1) motion solely on Plaintiffs' alleged lack of FLSA coverage.[16] However, the FLSA contains no express jurisdictional requirement. *Biziko*, 981 F.3d at 421 ("the FLSA does not have any single independent jurisdictional provision"). Therefore, Defendants' motion to dismiss for lack of subject-matter jurisdiction is properly denied. The Court turns now to Defendants' motion to dismiss for failure to state a claim.

The FLSA mandates that defined employers pay a minimum wage and overtime wages for hours worked in excess of forty hours per week. 29 U.S.C. §§ 206(a), 207(a)(1). The statute covers "employees engaged 'in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)) (emphasis in original). A showing of either is sufficient to invoke FLSA protection. *Id.* It is not difficult to establish FLSA coverage. *Bardon v. Reliable PCA & SIL Agency, LLC*,

---

[16] R. Doc. 13.

2020 WL 3605916, at *3 (E.D. La. July 2, 2020) ("Successfully pleading individual or enterprise coverage under the FLSA is not a high bar."). An enterprise subject to the FLSA is one that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A). In their motion, Defendants do not dispute that the Drinkery satisfies the requisite sales volume of $500,000 to establish enterprise coverage. Therefore, the dispositive question is whether Plaintiffs have adequately alleged that Drinkery employees engage in commerce or handle goods or materials that have been moved in commerce. *Id.* "[A]n employer can trigger enterprise coverage if its employees handle items that had travelled in interstate commerce at some point in the past, even if the act of handling those items does not amount to engaging in commerce in the present." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 786-87 (5th Cir. 2020). Items are "materials" under the FLSA if they are "tools or other articles necessary for doing or making something" within "the context of [their] use and if the employer has the employees handling, selling, or otherwise working on the item[s] for the employer's commercial (not just any) purposes." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1227 (11th Cir. 2010) (quotations omitted).

Plaintiffs have alleged sufficient facts that the Drinkery is an enterprise covered by the FLSA because it "has employees handling, selling, or otherwise working on … materials that have been moved in or produced for commerce by any person."[17] 29 U.S.C. § 203(s)(1)(A)(i). In their amended complaint, Plaintiffs allege that in the course of their employment they handled beer,

---

[17] This language is known as the "handling clause."

wine, and liquor not produced in Louisiana.[18]  As bartenders, Plaintiffs handled, used, and sold this out-of-state alcohol for commercial purposes.  Moreover, Plaintiffs also allege that Drinkery employees regularly handled food products and cookware manufactured outside Louisiana.[19]  *See, e.g.*, *Landeros v. Fu King, Inc.*, 12 F. Supp. 3d 1020, 1025 (S.D. Tex. 2014) (denying motion to dismiss upon concluding that plaintiff employees' allegations that they handled food, cooking utensils, and kitchen equipment which had moved interstate subjected defendant restaurant to FLSA enterprise coverage).

In their motion, Defendants rely on an outdated interpretation of the FLSA that the "last stop in the chain of commerce" does not qualify for "enterprise coverage."[20]  Prior to Congress's amendment of the handling clause in 1974, courts were required to apply the "ultimate consumer" exemption where an employer was exempted from FLSA coverage if they did not produce, manufacture, or process the *goods* in question.  *Landeros*, 12 F. Supp. 3d at 1024 (emphasis added).  Congress's addition of the term "materials" to the handling clause created "a different means to qualify for FLSA coverage that requires no consideration of whether the employer was the ultimate consumer."  *Id.*   Therefore, even if the Drinkery is "the last stop in the chain of commerce," this does not preclude FLSA coverage because the enterprise handles materials that have passed through interstate commerce.  *Id.* (discussing and applying the reasoning of *Polycarpe*, 616 F.3d at 1221-27, on this point).  Consequently, because Plaintiffs have adequately alleged that the

---

[18] R. Doc. 8 at 3-4.
[19] *Id.* at 4.
[20] R. Doc. 13-1 at 10.  Defendants also cite *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309 (S.D. Fla. 2012), as well as a decision relying on *Joseph*, *Taylor v. HD & Assocs., LLC*, 2020 WL 7075348 (E.D. La. Dec. 3, 2020), for their position that Plaintiffs have not stated a claim covered by the FLSA.  However, the decision in *Joseph* is distinguishable because it was based on "individual coverage" under the FLSA rather than "enterprise coverage."

Drinkery meets both prongs for enterprise coverage under the handling clause,[21] they have stated a plausible and cognizable claim under the FLSA.

IV.     **CONCLUSION**

Accordingly, for the forgoing reasons,

IT IS ORDERED that Defendant's motion to dismiss for lack of subject-matter jurisdiction (R. Doc. 13) is DENIED.

IT IS FURTHER ORDERED that Defendants motion to dismiss for failure to state a claim upon which relief can be granted (R. Doc. 13) is DENIED.

New Orleans, Louisiana, this 5th day of August, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[21] This Court, having found that the complaint plausibly alleges "enterprise coverage" as to Plaintiffs, need not determine "individual coverage" because either is sufficient to invoke FLSA protection. *Martin*, 955 F.2d at 1032.