UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRITTANY BANCROFT, ET AL.,<br>*Plaintiffs* | CIVIL ACTION<br>NO.   21-545 |
| VERSUS | SECTION: "M" (1) |
| 217 BOURBON, LLC, ET AL.,<br>*Defendants* | JUDGE BARRY W. ASHE<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

### ORDER SCHEDULING SETTLEMENT CONFERENCE

A settlement conference in the above matter is hereby scheduled for **Monday, March 7, 2022, at 2:00 p.m.** This conference shall take place **VIA VIDEO CONFERENCE** before Magistrate Judge Janis van Meerveld. A Zoom for Government link will be circulated to counsel of record via email. Counsel are to share that link with any necessary participating parties. Everyone should join the link about ten minutes ahead of the start time and wait to be admitted by the judge.

**The required settlement memoranda, <u>more fully described on Page 2</u>, are due no later than NOON on Friday, February 25, 2022.**

**<u>WHO MUST PARTICIPATE?</u>**

**Persons with <u>ultimate settlement authority</u> must appear (via video) and participate throughout the conference. On the plaintiff's side, <u>ultimate settlement authority</u> means the ability to fully negotiate to any number.  On the defense side, <u>ultimate settlement authority</u> means the ability to negotiate up to the amount of the demand, even if there is no intention to ever offer anything close to it. Any counsel appearing without full and ultimate settlement authority, or without having secured the participation of the person with full and ultimate settlement authority throughout the settlement conference, may be sanctioned.**

Participation of parties is likely to increase the efficiency and effectiveness of the settlement conference. A request to be exempt from participation via video should be submitted to the Court in writing no later than one week prior to the conference. Address your request to [efile-vanmeerveld@laed.uscourts.gov](mailto:efile-vanmeerveld@laed.uscourts.gov). The email subject line should include your case number and "Request for non-appearance of a party."  Parties given permission to not appear shall nonetheless be available by phone for the duration of the settlement conference.

**<u>WHO ELSE SHOULD ATTEND?</u>**

Other people sometimes are key to settling the case. For example, the participation of a spouse may be helpful. Consider whether any intervenors need to participate. Counsel assisting your client

1

on related matters may need to be involved. At the very least, contact information should be available for them at the conference.

### WHAT MUST OCCUR PRIOR TO THE SETTLEMENT CONFERENCE?

*At least ten days prior to the conference, the plaintiff is to have made a settlement demand. No later than one week prior to the conference, the defendant is to have responded to that demand. Should the conference be set less than ten days out from this notice, the plaintiff must still make a settlement demand and the defendant must still respond prior to the conference.*

*Counsel must share with the court the dollar amounts of their settlement demand/response. To the extent the demand/response was made in writing, a copy of that document should be attached to the settlement memorandum.*

In addition, at least one week prior to the conference, plaintiff's counsel should circulate updated medical billing information, medical reports, economist reports, liability expert reports, vocational rehab reports, etc. to defense counsel. Remember that defense counsel are often reporting to clients, adjusters, and risk managers who need time to review and evaluate. This will help ensure defense counsel arrives with enough authority to settle the matter.

Defense counsel should allow enough time to speak to their decision makers about the information and authority, and should similarly provide any new documentation to plaintiff's counsel at least one week in advance of the conference. If the client/adjuster will not be appearing, get all office and cell phone numbers you may need to contact that person during the conference.

### WHAT MUST YOU SUBMIT IN ADVANCE?

Each party shall provide, **in confidence,** a concise settlement memorandum **no longer than five (5) double spaced pages, using no smaller than a 12 point font. Other than the written formal demand or response referenced above, attachments or exhibits should not be included unless they would greatly enhance the Court's understanding of the case. This option should be used sparingly.**  The memorandum shall include a brief description of:
1. any liability disputes;
2. facts you believe you can prove at trial;
3. the damages at issue in the case;
4. the major weaknesses *in each side's case*, both factual and legal;
5. the history of settlement negotiations thus far, *including dollar amounts*;
6. the party's settlement position;
7. the major obstacle to settlement as you perceive it;
8. reference by record document number to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement;
9. any other special issues that may have a material bearing upon settlement discussions (e.g. outstanding liens, particularly contentious litigation history, etc.);
10. individuals you plan to bring to the settlement conference; and
11. cell phone numbers of counsel participating in the conference.

In setting forth your settlement position, do not just argue the merits of your case. For the Court and parties to be successful in the limited time provided for this settlement conference, you should provide the Court with a clear and candid understanding of your and your client's actual evaluation of the case and an idea of where you believe the case should settle.

The memorandum shall include the case number, case name, and should be emailed directly to: **efile-vanmeerveld@laed.uscourts.gov**. The email subject line should read: "**21-545 - March 7, 2022 - [*Plaintiff's/Defendant's*] Settlement Position Paper**." Do not mail hard copies of the settlement memorandum to chambers.

### COMMUNICATIONS WITH THE COURT PRIOR TO THE SETTLEMENT CONFERENCE.

You may be contacted by the Court to answer questions, clarify issues, discuss who is participating in the settlement conference, and other preliminary matters designed to ensure the conference itself is productive. Similarly, counsel is invited to contact the Court to address any matters it believes need to be discussed in advance, including any request to conduct lengthy or high tech opening statements.

It is the duty of the plaintiff(s) to notify this Court if trial is continued or if the case is settled or otherwise disposed of prior to the date of the scheduled settlement conference, so that the matter may be removed from the Court's docket.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (for example, insufficient discovery, the need to wait on the resolution of a dispositive motion, or an inability to obtain any settlement authority from the client), that party should contact the Court as soon as possible to discuss the concern.

### HOW LONG WILL THE CONFERENCE LAST?

Settlement conferences conducted by this Court are generally scheduled for two to three hours and may be one of two such sessions in a given day. Consequently, lengthy opening sessions/statements typical of some private mediations will generally not be entertained by the Court unless permission is obtained in advance. Counsel for the parties are strongly encouraged to engage in preliminary discussions with an eye toward meaningfully narrowing their disputes before appearing for the Conference.

New Orleans, Louisiana, this 9th day of February, 2022.

Janis van Meerveld
United States Magistrate Judge