UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRITTANY BANCROFT, *et al.*                                    CIVIL ACTION

VERSUS                                                          NO. 21-545

217 BOURBON, LLC, *et al.*                                     SECTION M (1)

## ORDER & REASONS

Before the Court is the joint motion to approve settlement of collective action and to dismiss claims with prejudice,[1] filed by plaintiffs Brittany Bancroft, Ariel Sharone, and opt-in plaintiffs Cullen Frazier, Ashton Legleu, and Derika Meier (collectively, "Plaintiffs"), and defendants 217 Bourbon, LLC and Jesse Wade Yeomans (collectively, "Defendants"). Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

**I. BACKGROUND**

Plaintiffs are former bartenders at The Drinkery, a bar and restaurant operated by Defendants.[2] They allege that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay them and other similarly situated bartenders the proper minimum wages and overtime compensation.[3] During a settlement conference with the magistrate judge, the parties successfully negotiated a confidential settlement.[4] Because this case arises under the FLSA, this Court must approve the fairness of the settlement. *See Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 254-57 (5th Cir. 2012); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d

---

[1] R. Doc. 39.
[2] R. Doc. 39-1 at 2.
[3] *Id.*
[4] R. Doc. 36.

1350, 1353 (11th Cir. 1982). Accordingly, the parties request that the Court approve their settlement and dismiss all claims with prejudice on the terms set forth in the settlement agreement and release negotiated by the parties.[5]

## II.  LAW & ANALYSIS

### A.  FLSA Settlement Approval Standard

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353. "To pass muster, a settlement agreement must be both (1) the product of a bona fide dispute and (2) fair and reasonable." *Bell v. Associated Wholesale Grocers Inc.*, 2020 WL 1862297, at *1 (E.D. La. Apr. 14, 2020) (citing *Lynn's Food Stores*, 679 F.2d at 1353, and *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010)). This Court analyzes the fairness of the settlement agreement accordingly.

### i.  Bona Fide Dispute

"In determining whether a bona fide dispute exists, the court must look for a genuine dispute as to the defendants' liability under the FLSA." *Id.* "'This is because the provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees.'" *Id.* (quoting *Domingue*, 2010 WL 1688793, at *1). "The court should ensure that the settlement does not allow the employer to negotiate around the FLSA's mandatory requirements." *Id.* (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008)). "'Some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims.'" *Id.* (quoting *Collins*, 568 F. Supp. 2d at 719-20) (alteration omitted).

---

[5] R. Doc. 39-1 at 8.

Here, there is a bona fide dispute between the parties as to whether Defendants violated the FLSA. The parties represent that "[n]umerous matters are currently in dispute, including whether Defendants were joint employers under the FLSA, whether Plaintiffs were properly paid straight and overtime compensation, whether Defendants properly used the tip credit and whether Defendants maintained accurate records."[6] Further, the parties represent that "Defendants strongly dispute invalidation of the tip credit, and maintenance of inaccurate records," which Plaintiffs recognize is "a fact-intensive" determination that would be decided at trial.[7] Accordingly, "[t]he Court finds the matter involve[s] 'both aggressive prosecution and strenuous defense' and thus a bona fide dispute exists." *Koviach v. Crescent City Consulting, LLC*, 2017 WL 4351509, at *2 (E.D. La. Oct. 2, 2017) (quoting *Akins v. Worley Catastrophe Response, LLC*, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014)); *see also Hohensee v. Divine Miracles, Inc.*, 2018 WL 6198370, at *2 (E.D. La. Nov. 14, 2018) (finding that bona fide dispute exists where plaintiff and defendants disputed whether plaintiff was properly paid regular and overtime compensation and whether defendants maintained accurate records).

    **ii. Fair and Reasonable**

"Although there are marked differences between a collective action under FLSA and a Rule 23 class action, courts have found that the factors used in determining the fairness of a settlement under Rule 23 should be applied by analogy in considering the fairness of a settlement of a FLSA collective action." *Bell*, 2020 WL 1862297, at *2 (collecting cases; footnotes omitted). "These factors are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of

---

[6] *Id.*
[7] *Id.*

possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members." *Id.* (citing *Collins*, 568 F. Supp. 2d at 722). "When considering these factors, the court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Diaz v. USA Pro. Lab., LLC*, 2021 WL 928031, at *2 (E.D. La. Mar. 11, 2021) (citing *Domingue*, 2010 WL 1688793, at *1).

Many of these factors indicate that the parties' settlement is fair and reasonable. First, there is no indication or claim of fraud or collusion; the parties represent that "[t]he proposed Settlement is the product of serious, informed and non-collusive negotiations."[8] *See Diaz*, 2021 WL 928031, at *2 ("In addition to the strong presumption in favor of finding a settlement fair, absent evidence to the contrary, there is also a presumption that no fraud or collusion occurred between counsel.") (citing *Catherine v. SureTemps, LLC*, 2019 WL 4038604, at *3 (E.D. La. Aug. 27, 2019)). Second, this litigation has neared its end stages as trial was set to start yesterday, April 11, 2022,[9] and so, in preparation for trial, the parties "conducted formal discovery, independent investigations of the facts and law throughout this action, and a thorough examination of Defendants' wage and time records, tip sheets, policies and procedures and other records."[10] *See Bell*, 2020 WL 1862297, at *2 (approving a settlement as fair and reasonable where (1) trial was set to begin in a few weeks; (2) extensive discovery and motion practice occurred; and (3) the parties were represented by counsel experienced in FLSA and complex litigation). Third, throughout this entire proceeding, the parties "were vigorously represented by counsel experienced in FLSA litigation" who "weigh[ed] the benefits and costs of the present settlement against the risks and rewards of future litigation."[11] *See Diaz*, 2021 WL 928031, at *4 (finding that settlement

---

[8] *Id.* at 5-6.
[9] R. Doc. 20. Trial was continued pending resolution of the instant motion. R. Doc. 38.
[10] R. Doc. 39-1 at 6.
[11] *Id.* at 5, 8.

was fair and reasonable in part because the parties were represented by experienced counsel and jointly sought judicial approval of the settlement agreement). Thus, the Court finds that the settlement agreement is a fair and reasonable resolution of a bona fide dispute.

### III. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the motion is GRANTED and the settlement is APPROVED.

IT IS FURTHER ORDERED that within fourteen (14) days of this Order & Reasons, Defendants shall deliver $450.00 to counsel for Plaintiffs for disbursement pursuant to the terms of the settlement.

IT IS FURTHER ORDERED that all claims in the above-captioned matter are DISMISSED WITH PREJUDICE, each party to bear her, his, or its own costs.

New Orleans, Louisiana, this 12th day of April, 2022.

                                      BARRY W. ASHE
                                      UNITED STATES DISTRICT JUDGE